IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

CHERI DIGREGORIO *Individually and as administratrix of the estate of Todd Digregorio, Deceased*,

        Plaintiff,

   v.

TRIVIUM PACKAGING COMPANY *Individually and as successor in interest to Exal Corporation,* UNUM LIFE INSURANCE COMPANY OF AMERICA,

        Defendants.

23cv2167
ELECTRONICALLY FILED

## ORDER OF COURT

Plaintiff Cheri DiGregorio ("Plaintiff") brings this action individually and as Administratrix of the estate of her deceased husband Todd DiGregorio ("Mr. DiGregorio"), who was a former employee of Exal Corporation. (Doc. 29). Plaintiff's Amended Complaint alleges claims against two defendants, Defendant Trivium Packaging Company, individually and as successor in interest to Exal Corporation ("Defendant Trivium") and UNUM Life Insurance Company of America ("Defendant UNUM"), for violation of 29 U.S.C. §§ 1132(a)(1)(B) and 1132(a)(3). (Doc. 29).

This matter was referred to United States Magistrate Judge Maureen P. Kelly for proceedings in accordance with the Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.

The Magistrate Judge filed a thorough, well-reasoned, Report and Recommendation ("R&R") on January 2, 2025, recommending that the Court deny Defendant Trivium's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 32). (Doc. 47).

As required by 28 U.S.C. § 636(b)(1) and Local Rule 72.D.2, the parties were notified that they had until January 16, 2025, to file written objections to the R&R, and until January 30, 2025, to file any responses to any objections filed. (*Id.* at 12).

On January 16, 2025, Defendant Trivium timely filed its Objections to the Magistrate Judge's Report and Recommendation. (Doc. 48).

On January 30, 2025, Plaintiff timely filed her response in opposition to Defendant Trivium's Objections to the Magistrate Judge's Report and Recommendation. (Doc. 49).

I.     DISCUSSION

For the following reasons, the Court finds that all of Defendant's objections to the Magistrate Judge's R&R lack merit.

A. **Magistrate Judge Kelly Correctly Concluded That Based on the Allegations in the Amended Complaint, Which are Taken as True at This Stage of the Litigation, Plaintiff Has Set Forth a Clear and Positive Showing of Futility**

First, Defendant Trivium is incorrect when it contends that Magistrate Judge Kelly erred when she concluded that Plaintiff sufficiently alleged facts in the Amended Complaint such that exhaustion of administrative remedies would have been futile in this case and thus, Plaintiff's failure to exhaust all administrative remedies available under the UNUM Term Life Insurance policy ("UNUM TLI Policy") at issue in this litigation was excused:

> First, the Magistrate Judge did not address any of the factors that courts use to evaluate whether a plaintiff has sufficiently pled futility, including Plaintiff's failure to pursue administrative or judicial relief for nearly fourteen months and her failure to allege that Defendant Unum Life Insurance Company of America ("UNUM") had "a fixed and unwavering policy of denying benefits." Second, the Magistrate Judge incorrectly found that "UNUM made clear through the correspondence to Mrs. DiGregorio dated November 1, 2022, that resort to administrative remedies would result in an adverse decision." UNUM's November 1, 2022-letter actually invited Plaintiff to submit "additional information or documentation" for consideration on the claim and provided the name and contact information of the customer relations specialist to whom she could submit such "additional information or documentation." When considering all of the factors,

there can be no question that Plaintiff did not set forth a clear and positive showing of futility.

(Doc. 48 at 1-2).

To the contrary, the Court agrees with Magistrate Judge Kelly that "[a]t this initial stage of the proceedings and based on the allegations in the Amended Complaint that are taken as true at this stage of the litigation, Mrs. DiGregorio sets forth a clear and positive showing of futility." (Doc. 47 at 8).

In *Cottillion v. United Refining Co.*, Civ. No. 09-140E, 2013 WL 1419705 (W.D. Pa. Apr. 8, 2013), *aff'd*, 781 F.3d 47 (3d Cir. 2015), the District Court explained the well-established relevant case law applicable in the district courts under the jurisdiction of the United States Court of Appeals for the Third Circuit:

> [W]ith respect to exhaustion, it is undisputed that neither Eldridge nor Cottillion invoked or exhausted Plan appellate procedures following their reductions in benefits. Plaintiffs nonetheless contend that the exhaustion requirement should be excused in this case on the grounds of futility. "A plaintiff is excused from exhausting administrative procedures under ERISA if it would be futile to do so." *See Harrow* [*v. Prudential Ins. Co. of Am.,* 279 F.3d 244, 250 (3d Cir. 2002)] (citing *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3rd Cir. 1990)). In determining whether to excuse exhaustion on futility grounds, courts consider several factors including: "(1) whether plaintiff diligently pursued administrative relief; (2) whether plaintiff acted reasonably in seeking immediate judicial review under the circumstances; (3) existence of a fixed policy denying benefits; (4) failure of the insurance company to comply with its own internal administrative procedures; and (5) testimony of plan administrators that any administrative appeal was futile." *Harrow*, 279 F.3d at 250.

*Cottillion*, 2013 WL 1419705, at *14. Further: "Exhaustion is an affirmative defense and, accordingly, the burden is on [the movant] to demonstrate that [the plaintiff] failed to exhaust her administrative remedies under the plan." *Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP*, 297 F. App'x 192, 193 (3d Cir. 2008) (citing *Metro. Life Ins. Co. v. Price*, 501 F.3d 271, 280 (3d Cir. 2007); *Jakimas v. Hoffman-LaRoche, Inc.*, 485 F.3d 770, 782 (3d Cir. 2007) ). "To prevail on a

3

Rule 12(b)(6) motion to dismiss based on an affirmative defense . . . a defendant must show that 'the defense is apparent on the face of the complaint and documents relied on in the complaint.'" *Lupian v. Joseph Cory Holdings LLC*, 905 F.3d 127, 130 (3d Cir. 2018) (quoting *Bohus v. Restaurant.com, Inc*., 784 F.3d 918, 923 n.2 (3d Cir. 2015) ) (additional citations omitted). If a defendant satisfies its burden of proving failure to exhaust, then the party claiming futility "must provide a clear and positive showing of futility." *D'Amico v. CBS Corp*., 297 F.3d 287, 293 (3d Cir. 2002) (citing *Harrow*, 279 F.3d at 249); *SeYoung Ra v. Gerhard's, Inc*., Civ. No. 17-5211, 2019 WL 95473, at *10 (E.D. Pa. Jan. 3, 2019).

Magistrate Judge Kelly's following analysis, based on the allegations in Plaintiff's Amended Complaint and exhibits attached thereto, which can be considered since Plaintiff's claims in her Amended Complaint are premised on said documents,[1] was a sufficient review of the *Harrow* factors applicable to this case, and Defendant Trivium is incorrect to the extent it contends that Magistrate Judge Kelly was required to review each of the factors in determining whether to excuse exhaustion on futility grounds:

> Mrs. DiGregorio alleges in the Amended Complaint that she and her husband exhausted available administrative remedies for their benefit claims. ECF No. 63. In response to the Motion to Dismiss, Mrs. DiGregorio states that Trivium failed to send required correspondence related to the premium waiver "supposedly sent in

---

[1] *See Est. of Roman v. City of Newark*, 914 F.3d 789, 796–97 (3d Cir. 2019) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007) (explaining: "the Supreme Court has been clear about the scope of our review, stating we "must consider the complaint in its entirety, as well as other sources [we] ordinarily examine when ruling on . . . motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."); *McNaney v. Sampson and Morris Group, Inc.,* Civ. No. 21-1809, 2022 WL 1017388, at *1 (W.D. Pa. Apr. 5, 2022) (J. Stickman) (explaining: "Generally, 'a district court ruling on a motion to dismiss [under Rule 12(b)(6)] may not consider matters extraneous to the pleadings.' *In re Burlington Coat Factory Sec. Litig*., 114 F.3d 1410, 1426 (3d Cir. 1997). However, there are a few exceptions to that general rule. A district court may consider the following: (1) exhibits attached to the complaint, *see Pension Benefit Guar. Corp. v. White Consol. Indus.,* 998 F.2d 1192, 1196 (3d Cir. 1993); (2) documents that are 'integral to or explicitly relied upon in the complaint,' *Burlington*, 114 F.3d at 1426 (citation omitted), including, for example, 'an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document,' *Pension Benefit,* 998 F.2d at 1196; and (3) matters of public record, *Id*. at 1196.").

> May of 2020." ECF No. 41 at 4. Her allegation is supported by the December 21, 2022 letter from Goodemote, who confirms that UNUM failed to forward the termination notice to Trivium so that it could offer conversion or portability of coverage. ECF No. 29-6 at 1. Mrs. DiGregorio alleges that if the required information had been sent by either UNUM or Trivium, the DiGregorios would have timely challenged the LWOP denial, but could not do so before filing this litigation because the time for an appeal had long since passed. *Id*. Further, exhaustion would be futile because UNUM made clear through the correspondence to Mrs. DiGregorio dated November 1, 2022, that resort to administrative remedies would result in an adverse decision. *See Gadsby* [v. *United of Omaha Life Ins. Co*., Civ. No. 18-2214, 2019 WL 1405845, at *7 (E.D. Pa. Mar. 28, 2019)].

(Doc. 47 at 7-8).

In so holding, the Court disagrees with Defendant Trivium's argument that Magistrate Judge Kelly:

> [I]ncorrectly found that 'UNUM made clear through the correspondence to Mrs. DiGregorio dated November 1, 2022, that resort to administrative remedies would result in an adverse decision through the correspondence to Mrs. DiGregorio dated November 1, 2022, that resort to administrative remedies would result in an adverse decision." UNUM's November 1, 2022-letter actually invited Plaintiff to submit "additional information or documentation" for consideration on the claim and provided the name and contact information of the customer relations specialist to whom she could submit such "additional information or documentation."

(Doc. 48 at 1-2).

Rather, the Court finds, as did Magistrate Judge Kelly, that at this stage of the proceedings, without having the benefit of any testimony from Defendant UNUM as to whether any administrative appeal to UNUM was futile under the facts of this case, the November 1, 2022 letter, as a whole, supports the conclusion that it would have been futile for Plaintiff to pursue administrative review of UNUM's denial Plaintiff's benefits claim. *See Falcone v. Teamsters Health & Welfare Fund*, 489 F. Supp. 2d 490, 496–97 (E.D. Pa. 2007) (concluding: "One of the ways futility may be shown, and that which is present in this case, is the existence of a fixed policy denying the benefits. . . . Any appeal in this case would have been a pointless administrative exercise. The provision [in the insurance plan at issue] is unambiguous and the

5

Fund's stance was clear and unwavering. The Fund's letter informing her that 'spouses who are living separate and apart from employees/members fall outside the definition of dependent spouse within the meaning of the Plan,' therefore, represents a 'fixed policy,' rendering any effort to appeal futile."). Defendant Trivium, of course, can argue Plaintiff's failure to exhaust again at the summary judgment stage, after a full factual record has been developed.

### B. Magistrate Judge Kelly Correctly Concluded That it is Plausible that Defendant Trivium is a Proper Defendant in This ERISA Case

Second, the Court disagrees with Defendant Trivium's argument that Magistrate Judge Kelly erred when she concluded that Defendant Trivium may a proper defendant in this case.

In recommending that this Court deny Defendant Trivium's Motion to Dismiss Plaintiff's Amended Complaint based on Defendant Trivium's contention that it is not a proper party to Plaintiff's ERISA claims because it is neither the plan nor the plan administrator of UNUM TLI Policy No. 432220-001 and said policy does not identify Defendant Trivium as the ultimate decision maker, Magistrate Judge Kelly reasoned:

> Trivium contends that it is not a proper defendant under ERISA because it is neither the Plan nor the Plan Administrator. ECF No. 33 at 12. However, in response to the initial Complaint, UNUM filed a copy of the base policy issued to EXAL with an ERISA statement that identifies EXAL as "the Plan Administrator and named fiduciary of the Plan, with authority to delegate its duties." ECF No. 21-1 at 56. The supplemental policy attached to Trivium's Motion to Dismiss does not contain an ERISA statement identifying the Plan Administrator. ECF No. 33-1. Therefore, the Court cannot readily determine the identity of the Plan Administrator or rule out Trivium as the responsible Plan Administrator based on the documents provided by Trivium.
>
> In addition, Mrs. DiGregorio alleges that an authorized Trivium representative advised both Mrs. DiGregorio and her husband of their continued eligibility for coverage for LTD and LWOP benefits after his termination based on disability. ECF No. 29 ¶¶ 33 – 34. As a result, the DiGregorios did not exercise a right to conversion. UNUM represented that Trivium was "responsible for extending conversion/portability privileges if they ceased his benefits . . . ." ECF No. 29-5 at 4. While thin, the allegations in the Amended Complaint and the attached exhibits are enough to state a plausible claim that Trivium was responsible for the

6

administration of certain benefits under the policy at issue, and in doing so misrepresented the continuation of the LWOP benefit. *See, e.g., Erwood v. Life Ins. of N. Am.*, No. 14-1284, 2016 WL 4945320 (W.D. Pa. Sept.16, 2016).

(Doc. 47 at 9).

Contrary to Defendant Trivium's position, the Court agrees with Magistrate Judge Kelly's conclusion that based on the allegations in the Amended Complaint and the operative documents, Defendant Trivium's Motion to Dismiss should not be granted at this pre-discovery stage of the pleadings on the basis that Defendant Trivium is not a proper Defendant in this case. *See Curcio v. John Hancock Mut. Life Ins. Co.*, 33 F.3d 226, 233 (3d Cir. 1994) (explaining: "Our task, simply stated, is to resolve whether [employer] Capital Health maintained any authority or control over the management of the plan's assets, management of the plan in general, or maintained any responsibility over the administration of the plan. If we find such to be the case, we have *a fortiori* found Capital Health to be a fiduciary. We start from the standpoint that we have previously held that ERISA broadly defines a fiduciary.") (citations omitted). Defendant Trivium's status needs to be subject to further discovery and is best resolved upon a motion for summary judgment.

Specifically, in addition to the allegations set forth in the Amended Complaint cited to by Magistrate Judge Kelly in support of her conclusion that Defendant Trivium's Motion to Dismiss should be denied to the extent it is premised on the position that Defendant Trivium is neither the Plan nor the Plan Administrator of UNUM TLI Policy No. 432220-001, and it did not exert any control or responsibility over the plans or the administrative claims process, Plaintiff's Amended Complaint also contains allegations which sufficiently support that UNUM TLI Policy No. 432220-001 is an employee benefit plan established or maintained by a single employer. *See* Doc. 29 at ¶¶ 20-21. This is significant because: "Under ERISA, if an 'administrator' is not

7

designated in the plan [as is asserted by Defendant Trivium], the responsibility is assigned to the 'plan sponsor.' For 'an employee benefit plan established or maintained by a single employer,' like [Defendant Trivium] the plan sponsor is 'the employer'." *Luckasevic v. World Kitchen, Inc.*, Civ. No. 06-1629, 2007 WL 2683995, at *4 (W.D. Pa. Sept. 7, 2007) (citing 29 U.S.C. §§ 1002(16)(A)(i)-(ii), 1002(16)(B)(i)). *See also Ibson v. United Healthcare Services, Inc.*, 877 F.3d 384, 391 (8th Cir. 2017) (quoting *Henson v. Santander Consumer USA Inc.*, 582 U.S. 79, 90 (2017)) (explaining: "More importantly, ERISA, by its plain language, forecloses this argument: where a plan administrator is not explicitly designated, as is the case here, the 'plan sponsor' is also the plan administrator. 29 U.S.C. § 1002(16)(A)(ii). Here, under ERISA, Ibson's former law firm was the plan sponsor. § 1002(16)(B)(i). Therefore, it was also the plan administrator. While this may seem at odds with the functional roles the law firm and UHS played, the statutory language of ERISA compels the conclusion that the law firm was the plan administrator in this case, and our role is 'to apply, not amend, the work of the People's representatives'.").

Further, Plaintiff alleges in the Amended Complaint that: (1) she has resided in Pennsylvania at all times pertinent to this litigation; (2) Mr. DiGregorio resided in Pennsylvania at the time of his death; and (3) Defendant Trivium failed to inform Mr. DiGregorio or Plaintiff of their conversion rights, and the Summary Plan Description for UNUM TLI Policy No. 432220-001, which was attached to Defendant Trivium's Motion to Dismiss, states:

> The WHAT INSURANCE IS AVAILABLE WHEN COVERAGE ENDS? (Conversion Privilege) provision in the LIFE INSURANCE BENEFIT INFORMATION section of the policy **is amended to provide that your Employer must notify you of your right to convert your coverage**. You have 15 days from the date your Employer notifies you of your conversion privileges to convert your coverage. In no event will the time allowed for you to exercise the life conversion privilege be extended beyond 90 days from the date your life insurance terminates.

(Doc. 29 at ¶¶ 1, 2, and 46, Doc. 33-1 at 60). Thus, these allegations, and this document, provide additional support for Magistrate Judge Kelly's conclusion that Plaintiff's Amended Complaint "state[s] a plausible claim that Trivium was responsible for the administration of certain benefits under the policy at issue." (Doc. 47 at 9).

Finally, in so holding, the Court disagrees with Defendant Trivium that Magistrate Judge Kelly erred when she relied on language set forth in another UNUM Term Life Insurance Policy, Policy No. 423031-001, also issued to Exal Corporation, that states: "Exal Corporation is the Plan Administrator and named fiduciary of the Plan, with authority to delegate its duties," (Doc. 21-1 at 56), in support of her recommendation that Defendant Trivium's Motion to Dismiss be denied to the extent it is premised on Defendant Trivium not being a proper party to this litigation.

The Court so finds because it does not read Magistrate Judge Kelly to be concluding, as Defendant Trivium argues, that it is plausible that Defendant Trivium is a "plan administrator" with respect to UNUM TLI Policy No. 432220-001 because UNUM TLI Policy No. 423031-001 provides: "Exal Corporation is the Plan Administrator and named fiduciary of the Plan, with authority to delegate its duties," (*id.*). Rather, Magistrate Judge Kelly simply explained, correctly, that UNUM TLI Policy No. 423031-001, which in large part is substantially similar to UNUM TLI Policy No. 432220-001, provides that "Exal Corporation is the Plan Administrator and named fiduciary of the Plan, with authority to delegate its duties," whereas UNUM TLI Policy No. 432220-001 "does not contain an ERISA statement identifying the Plan Administrator," and "[t]herefore, the Court cannot readily determine the identity of the Plan

Administrator or rule out Trivium as the responsible Plan Administrator *based on the documents provided by Trivium.*"[2]  (Doc. 47 at 9) (emphasis added).

### C. Magistrate Judge Kelly Correctly Concluded That Plaintiff is Permitted to Maintain Claims Under Both 29 U.S.C. § 1132(a)(1)(B) (Count 1 of the Amended Complaint) and 29 U.S.C. § 1132(a)(3) (Count 2 of the Amended Complaint) at This Pre-Discovery Stage of the Proceedings

Third, the Court disagrees with Defendant Trivium's argument that Magistrate Judge Kelly erred when she recommended that Plaintiff be permitted to maintain claims under both 29 U.S.C. § 1132(a)(1)(B) (Count 1 of the Amended Complaint) and 29 U.S.C. § 1132(a)(3) (Count 2 of the Amended Complaint) at this pre-discovery stage of the proceedings because:

> Although it is theoretically possible for Plaintiff to bring both claims, she is not permitted to bring a Section 1132(a)(3) claim based on the exact same set of facts and injury and seek the exact same remedy. As the majority of Circuit Courts and courts in this district have repeatedly held, Plaintiff must, at the very least, seek some remedy in her Section 1132(a)(3) claim that is not available in her Section 1132(a)(1)(B).

(Doc. 47 at 3).

Rather, the Court agrees with Judge Kelly's conclusions that:

> While "Varity [Corp. v. Howe, 516 U.S. 489 (1996)] noted that § 502(a)(3) is a catchall provision (and thus a provision of last resort), Varity also premised its conclusion on the principle that Congress did not intend to leave beneficiaries without a remedy. Though the Court acknowledges that a plaintiff may not recover under truly duplicative claims, that does not mean a plaintiff should be barred from asserting a claim under § 502(a)(3) where it is not yet clear that relief is actually available under another provision." Frietas [v. Geisinger Health Plan, 542 F. Supp.3d, 312 (M.D. Pa. 2021)]. Further, in this case, it may be that the breach of fiduciary claim is based on Trivium's separate misleading plan information upon which the DiGregorios relied when they failed to covert coverage, which is distinct from their claim for denial of benefits. *See, e.g.*, Popovchak v UnitedHealth Group, 692 F. Supp.3d 392, 414 *n* 24 (S.D.N.Y. 2023); Desue v. Aetna Life Ins. Co., No. 16-1646, 2017 WL 528241, at *4-5 (W.D. Pa. Feb. 9, 2017) [J. Schwab].

---

[2] The Court also notes that it is unclear whether UNUM TLI Policy No. 423031- 001 is implicated in this case given that co-Defendant UNUM's November 1, 2022 letter to Plaintiff explaining why Plaintiff's benefits claim was denied references UNUM TLI Policy No. 423031- 001 (and not UNUM TLI Policy No. 432220-001), as being the UNUM TLI Policy reviewed with respect to Plaintiff's claim for benefits.  (*See* Doc. 29-5 at 1).

(Doc. 47 at 11-12). Whether the claims set forth in Counts 1 and 2 of the Amended Complaint are "truly duplicative," and relief actually is available to Plaintiff under § 1132(a)(1)(B), must be subject to further discovery and is best be resolved upon a motion for summary judgment.

> **D. Magistrate Judge Kelly Did Not Err When She Did Not Address Defendant Trivium's Argument That Because Both Claims Set Forth in Plaintiff's Amended Complaint are Equitable claims, Plaintiff's Demand For a Jury Trial Should be Stricken**

Finally, with respect to Defendant Trivium's contention that Magistrate Judge Kelly erred when she failed to address Defendant Trivium's contention that "because both claims are equitable claims, Plaintiff's demand for a jury trial should be stricken," (Doc. 42 at 4 n. 1), the Court concludes that Magistrate Judge Kelly did not so err for the following reason.

It is well established that a Court need not address arguments that were not raised in a party's moving brief/until the reply brief. *See, for example, Williams v. City of Pittsburgh Pub. Sch. Dist.*, 742 F. Supp. 3d 464, 468 n. 4 (W.D. Pa. 2024) (quoting *Marcum v. Columbia Gas Transmission, LLC*, 549 F. Supp. 3d 408, 420 n.4 (E.D. Pa. 2021) (explaining: "'Courts need not address arguments raised for the first time in a reply brief.'"); *Builders Assn. of Metro. Pittsburgh v. City of Pittsburgh*, Civ. No. 22-706, 2023 WL 2758931, at *9 (W.D. Pa. Apr. 3, 2023) (concluding: "As the MPC was referenced for the first time in the City's Reply Brief and BAMP did not have an opportunity to respond to these arguments, the Court will not address them at this juncture").

Defendant Trivium, of course, is not precluded from asserting this legal argument in the future.

> **II. CONCLUSION**

Accordingly, after *de novo* review of the record in this matter, the thorough, well-reasoned, Report and Recommendation of Magistrate Judge Kelly (Doc. 47), Defendant

11

Trivium's Objections to the Magistrate Judge's Report and Recommendation (Doc. 48), and Plaintiff's response in opposition to Defendant Trivium's Objections to the Magistrate Judge's Report and Recommendation (Doc. 49), the following Order is entered:

AND NOW, this 12th day of March, 2025, it is ORDERED that Defendant Trivium's Objections to the Report and Recommendation (Doc. 47) are OVERRULED.

It is further ORDERED that Defendant Trivium's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 32) is DENIED.

It is further ORDERED that Magistrate Judge Kelly's January 2, 2025 Report and Recommendation (Doc. 47), as supplemented by this Order of Court, is adopted as the Opinion of the Court.

> BY THE COURT:
> s/Arthur J. Schwab
> ARTHUR J. SCHWAB
> UNITED STATES DISTRICT JUDGE

cc:  All ECF Registered Counsel of Record