**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSLYVANIA**

CHERI DIGREGORIO, INDIVIDUALLY ) CASE NO.  2:23-CV-02167-MPK
AND AS ADMINISTRATRIX OF THE )
ESTATE OF TODD DIGREGORIO, ) MAGISTRATE JUDGE MAUREEN P.
DECEASED, ) KELLY
  )
          Plaintiff, )
  ) **TRIVIUM PACKAGING COMPANY'S**
     v. ) **MEMORANDUM IN OPPOSITION TO**
  ) **PLAINTIFF'S MOTION TO COMPEL**
TRIVIUM PACKAGING COMPANY, *et* )
*al.*, )
  )
          Defendants. )

Defendant Trivium Packaging Company ("Trivium") respectfully submits this Memorandum in Opposition ("Opposition") to Plaintiff's Motion to Compel Depositions (the "Motion"). In opposition to Plaintiff's Motion, Trivium states as follows:

1.     Trivium has never refused to schedule the deposition of any of the living deponents that Plaintiff has requested to depose.

2.     On July 25, 2025 (not six months ago), counsel for Plaintiff first advised of his intent to depose Paul Goodemote, Jean Bender, and a corporate designee of Trivium.

3.     Counsel for Plaintiff's July 25, 2025 email did not attach a notice of 30(b)(6) deposition.[1] *See* Ex. A, 1-2.

4.     On August 8, 2025, counsel for Trivium advised counsel for Plaintiff that Ms. Bender was deceased. Counsel for Trivium also advised that they were in the process of confirming whether they would be able to produce Mr. Goodemote, a ***former*** employee of Trivium, for a deposition. *Id.* at 1.

---

[1] Email correspondence between counsel for Trivium and for Plaintiff between July 25, 2025 and August 8, 2025 is attached hereto as **Exhibit A**.

5.     The Parties have participated in two mediation sessions: the first on July 24, 2025, and the second on October 9, 2025. The Parties refrained from scheduling depositions between their first and second mediation sessions.

6.     Because the mediations did not yield a global resolution, the Parties immediately discussed the prospect of requesting that the Court extend fact discovery. Counsel for Plaintiff advised that "[i]f we are extending discovery, I can be more flexible"[2] with respect to the scheduling of depositions. *See* Ex. B, 5-6. Plaintiff's counsel and Trivium counsel agreed on an extension which was opposed by Unum.  Trivium filed a Motion for Extension of Time to Complete Discovery, ***to which Plaintiff consented***, on October 14, 2025 [Doc. 75].  The Court approved the Motion on October 15, 2025 [Doc. 77].

7.     Between October 14, 2025 and October 31, 2025, counsel for Trivium were preparing discovery requests (including written discovery requests and deposition notices) with the intention of serving that discovery on Plaintiff and Defendant Unum Life Insurance Company of America ("Unum") and possibly two employees of Unum the week of November 3, 2025.

8.     The fact that Trivium intended to serve written discovery was discussed with Plaintiff's counsel when agreeing to the extension. It was mutually understood by both Plaintiff and Trivium that Trivium required, and would seek, additional written discovery on key factual issues before proceeding with depositions.

9.     In correspondence with counsel for Plaintiff and Unum, counsel for Trivium recommended that the Parties seek a 60- or 90-day extension of fact discovery. The length of that proposal was due, in large part, to the fact that counsel for Plaintiff and counsel for Trivium

---

[2] Email correspondence between counsel for Trivium and for Plaintiff between July 25, 2025 and November 3, 2025 is attached hereto as **Exhibit B**.

appreciated that additional written discovery was needed before productive depositions could be taken.

10.    Additionally, counsel for Trivium sought a 60- or 90-day enlargement of fact discovery due to multiple pre-scheduled professional commitments through the end of October, including an arbitration hearing spanning multiple days, an oral argument before the Third Circuit Court of Appeals, and business-related travel to the West Coast.

11.    A Notice of Settlement between Plaintiff and Unum was filed on the evening/late afternoon of October 31, 2025.  Trivium was unaware that settlement discussions were ongoing after the mediation.

12.    In light of this unanticipated settlement, counsel for Trivium was forced to modify its discovery requests to Unum and prepare subpoenas to Unum in their place.

13.    Indeed, even if Trivium had served its written discovery requests and deposition notices on Unum before Unum was terminated from the case, Unum's termination from the case rendered any obligation to respond to discovery in the litigation as moot. Trivium had to redo all of the discovery as subpoenas and address the procedure for serving the subpoenas upon Unum in Maine.

14.    Apparently emboldened by the settlement with one party, on Saturday, November 1, 2025, counsel for Plaintiff out of the blue demanded the depositions of Ms. Bender (apparently ignoring that Ms. Bender is deceased), Mr. Goodemote, and a corporate designee of Trivium. Again, this email did not attach a notice of 30(b)(6) deposition and counsel indicated he would file a Motion to Compel if he did not have dates by Monday. *See* Ex. B, 4-5.  Plaintiff's counsel did not provide any proposed dates for the depositions.

15.    In response, counsel for Trivium advised counsel for Plaintiff that Trivium was awaiting Plaintiff's notice of 30(b)(6) deposition to memorialize the subject matter of the 30(b)(6) deposition, without which counsel for Trivium was unable to identify an appropriate corporate designee or designees. *See* Ex. B, 4.

16.    Counsel for Trivium also advised that they remained in the process of confirming whether they would be able to produce Mr. Goodemote to sit for a deposition, and that counsel for Trivium would follow up with confirmation on that point. *Id.*

17.    Counsel for Trivium likewise again reminded counsel for Plaintiff that Ms. Bender is deceased. *Id.*

18.    Finally, counsel for Trivium extended an invitation to counsel for Plaintiff for a teleconference to discuss these depositions. *Id.*

19.    Plaintiff proceeded to improperly file a notice of 30(b)(6) deposition with this Court on November 3, 2025, which was stricken from the docket as improperly filed discovery material shortly thereafter. This filing was the ***first instance*** of Plaintiff's counsel suggesting dates for any of the sought depositions.

20.    Critically, and underscoring the need for Plaintiff to serve a notice of 30(b)(6) deposition, the notice that was improperly filed on November 3 was ***far broader*** than the characterizations of the scope of the deposition that counsel for Plaintiff had previously informally exchanged.[3]

---

[3] Counsel for Plaintiff's email characterizations of the intended 30(b)(6) deposition subject matter was limited to five discrete items. The notice of 30(b)(6) deposition, by contrast, includes sixteen enumerated topics, as well as eight document requests proffered by Plaintiff for the first time.

21.     In the Motion, Plaintiff opines that the deposition of Mr. Goodemote and the 30(b) deposition(s) of Trivium's corporate designee(s) are "very straight-forward and could be handled by any of the 450 or so lawyers who work for Trivium's counsel's law firm." [Doc. 81, ¶ 15.]

22.     Trivium cannot have ascertained whether the 30(b) deposition(s) would be "very straight-forward[,]" having not received the notice of 30(b)(6) deposition until this Monday, November 3.

23.     Plaintiff's matter-of-fact characterization of depositions in factually complicated and protracted ERISA litigation, such as to suggest that any attorney would be able to become familiar with the subject matter and prepare to handle depositions in the case, is specious and unpersuasive.

24.     Counsel for Plaintiff dismissed counsel for Trivium's offer of a phone call to align regarding deposition scheduling, characterizing counsel for Trivium's response as "total B.S." and noting that "I do not believe such a call is necessary as my position is crystal clear and I have no intention of changing it." *See* Ex. B, 2-3.

25.     With respect to the 30(b)(6) deposition, counsel for Plaintiff pointed to his past emails identifying "the subjects on which I wanted to depose your client's designated representative"—which, as noted above, was far narrower than the series of topics ultimately identified in Plaintiff's actual 30(b)(6) deposition notice. *Id.*

26.     Counsel for Plaintiff also incorrectly purported to impose the burden of requesting a deposition notice on Trivium, noting that "this is the first time you have requested a Notice in order to get that deposition(s) scheduled" *Id.*

27.     Despite the lack of any dispute between the Parties, counsel for Plaintiff concluded that "we are at an impasse" and proceeded to file the instant Motion [Doc. 81]. *Id.* at 1.

28.     Counsel for Trivium has never indicated any unwillingness to schedule depositions. Trivium has worked, and will continue to work, in good faith to determine whether Trivium is able to produce Mr. Goodemote for deposition or whether he will need to be subpoenaed.  Trivium still anticipates completing discovery within the current deadlines so long as Unum timely responds to the subpoenas for documents and depositions.

29.     Plaintiff's Motion is frivolous and, at the needless expense of the Parties' and this Court's resources, seeks to secure nothing more than what Trivium has already conveyed its willingness to provide.

30.     Moreover, Plaintiff's Motion purports to unilaterally select dates for both a 30(b)(6) deposition and the deposition of Mr. Goodemote. Counsel for Trivium is not available for either of the dates identified in Plaintiff's Motion.

31.     The Parties are not, in fact, at impasse regarding the production of witnesses for deposition. Counsel for Trivium remains, and at all times has been, willing to work with counsel for Plaintiff to identify mutually agreeable deposition dates within the discovery cutoff.

32.     Additionally, despite counsel for Trivium's offer of a telephone call to discuss the deposition scheduling with counsel for Plaintiff, counsel for Plaintiff unilaterally and incorrectly asserted that "we are at an impasse" and filed this Motion within hours of making that assertion— a course of conduct demonstrating counsel for Plaintiff's dismissal of his obligation under Fed. R. Civ. P. 37 to "in good faith confer[] or attempt[] to confer with" counsel for Trivium.

33.     Consequently, the Motion fails to conform to Fed. R. Civ. P. 37(a)(1), which requires a movant to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

34.    Accordingly, Trivium respectfully requests that Plaintiff's Motion be denied.

35.    Trivium further respectfully requests, pursuant to Fed. R. Civ. P. 37(a)(5)(B), that after giving the Parties an opportunity to be heard, this Court require Plaintiff, counsel for Plaintiff, or both to pay the reasonable expenses incurred by Trivium in opposing the Motion, including attorneys' fees.

DATED: November 7, 2025                           Respectfully submitted,

                                                  /s/ *W. Eric Baisden*
                                                  W. Eric Baisden (0055763)
                                                  Eric M. Flagg (0099724)
                                                  **BENESCH, FRIEDLANDER,**
                                                  **  COPLAN & ARONOFF LLP**
                                                  127 Public Square, Suite 4900
                                                  Cleveland, OH 44114
                                                  Telephone: 216-363-4657
                                                  Facsimile:  216-363-4588
                                                  Email:  ebaisden@beneschlaw.com
                                                          eflagg@beneschlaw.com

                                                  *Attorneys for Defendant Trivium*
                                                  *Packaging Company*

**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSLYVANIA**

| | |
|---|---|
| CHERI DIGREGORIO, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF TODD DIGREGORIO, DECEASED, | ) CASE NO.  2:23-CV-02167-MPK<br>)<br>) MAGISTRATE JUDGE MAUREEN P.<br>) KELLY<br>) |
| Plaintiff, | )<br>) |
| v. | ) **[PROPOSED] ORDER DENYING**<br>) **PLAINTIFF'S MOTION TO COMPEL**<br>) **DEPOSITIONS** |
| TRIVIUM PACKAGING COMPANY, *et al.*, | )<br>)<br>) |
| Defendants. | ) |

Upon consideration of Trivium Packaging Company's Memorandum in Opposition to Plaintiff's Motion to Compel, the Court finds no bona fide dispute between the Parties and hereby **DENIES** Plaintiff's Motion. It is hereby **ORDERED** that:

1.      Plaintiff and Trivium shall confer to identify mutually agreeable dates to take the depositions of their respective witnesses.

2.      The Parties shall continue cooperating in good faith to complete all primary and third-party discovery by December 30, 2025.

3.      Plaintiff's filing of the Motion to Compel was not substantially justified, and no other circumstances would render an award of expenses unjust. Accordingly, the Parties are ordered to appear and be heard before the Court on _____, at which time the Court will determine the reasonable expenses incurred by Trivium in opposing the Motion to Compel, which costs shall be borne by counsel for Plaintiff.

**IT IS SO ORDERED**.


DATED: _____, 2025

                                                  _____

The Honorable Maureen P. Kelly
United States Magistrate Judge

Exhibit A

| | |
|---|---|
| **From:** | Flagg, Eric |
| **Sent:** | Friday, August 8, 2025 5:33 PM |
| **To:** | George R. Farneth |
| **Cc:** | Ann-Martha Andrews; Byrne Decker; Laurie Bernard; Savanah Caruso; Baisden,  Eric; Joelle, Heidi |
| **Subject:** | RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium |

George,

We agree in principle to that stipulation if you can circulate a draft for our review.

We are confirming whether we will be able to produce Mr. Goodemote, and will follow up. However, Ms. Bender is deceased.

Thank you,
Eric



Eric M. Flagg
Labor & Employment Managing Associate
OSBA Certified Specialist in Labor and Employment Law
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6196 | m: 978.905.0561
EFlagg@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** George R. Farneth <grf@farnethlaw.com>
**Sent:** Friday, July 25, 2025 3:53 PM
**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Baisden, Eric <EBaisden@beneschlaw.com>; Joelle, Heidi <HJoelle@beneschlaw.com>
**Cc:** Ann-Martha Andrews <AAndrews@maynardnexsen.com>; Byrne Decker <BDecker@maynardnexsen.com>; Laurie Bernard <LBernard@maynardnexsen.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-MNDOCUMENTS.FID606499]

Counsel, I spoke with Ms. Andrews this afternoon to discuss an issue that came up yesterday.  Because we did not know about the $60,000 life insurance policy it was not mentioned in the Amended Complaint.  Since we are still well within the statute of limitations I suggested that we amend the Complaint by Stipulation to include Plaintiff's claim to that policy so the Defendants do not incur the cost of filing another pleading.  I believe Ms. Andrews is agreeable.  Please let us know if you are too.

Also, our discovery deadline is October 31, 2025 and my schedule between now and then is filling up quickly so I would like to schedule the depositions I would like to take which include Mr. Goodemote, Jean Bender, and a 30(B)(6) designee to discuss the benefits that were available to employees, the benefits my clients elected, how they paid for those benefits, who was responsible for administering those benefits, and the transition from UNUM to Mutual of Omaha.  Please provide dates between October 9 and 24 on which I may take those depositions.  I

understand that Mr. Goodemote is no longer with Trivium so please let me know if you can produce him. If not, please provide his last known address so we can serve him with a subpoena. Also, if you provide bate-stamped copies of your client's documents, I believe all three depositions can be done remotely. Please advise. Thanks.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties. In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court. Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed. If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited. If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you. Thank you.*

**From:** Rosie Ramsey <RRamsey@maynardnexsen.com>
**Sent:** Friday, July 25, 2025 2:38 PM
**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Eric Baisden <ebaisden@beneschlaw.com>; hjoelle@beneschlaw.com
**Cc:** Ann-Martha Andrews <AAndrews@maynardnexsen.com>; Byrne Decker <BDecker@maynardnexsen.com>; Laurie Bernard <LBernard@maynardnexsen.com>; George R. Farneth <grf@farnethlaw.com>; Dawn M Resinger <dmr@farnethlaw.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-MNDOCUMENTS.FID606499]

Counsel,

Please see attached Defendant Unum Life Insurance Company of America's First Set of Discovery to Trivium.

Regards,
Rosie Ramsey
Assistant to Ann-Martha Andrews

**Rosie Ramsey**
Legal Practice Assistant
P: 480.530.2971
RRamsey@maynardnexsen.com

2025 N 3rd Street, Suite B300
Phoenix, AZ 85004



Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended only for the named recipient and may be legally privileged and include confidential information. If you are not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.

Exhibit B

| | |
|---|---|
| **From:** | George R. Farneth <grf@farnethlaw.com> |
| **Sent:** | Monday, November 3, 2025 3:16 PM |
| **To:** | Baisden,  Eric; Flagg, Eric; Ann-Martha Andrews |
| **Cc:** | Savanah Caruso; Joelle, Heidi; Jones, Laura; Taylor Oravitz |
| **Subject:** | RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium |

Eric, when did I ever claim we discussed the subject?  Perhaps you should read my previous emails, so you understand why your position is dead wrong.  Apparently, we are at an impasse so we will proceed as I previously indicated.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties.  In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court.  Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed.   If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited.  If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you.  Thank you.*

**From:** Baisden, Eric <EBaisden@beneschlaw.com>
**Sent:** Monday, November 3, 2025 3:13 PM
**To:** George R. Farneth <grf@farnethlaw.com>; Flagg, Eric <EFlagg@beneschlaw.com>; Ann-Martha Andrews <aandrews@maynardnexsen.com>

**Cc:** Savanah Caruso <smc@farnethlaw.com>; Joelle, Heidi <HJoelle@beneschlaw.com>; Jones, Laura <LCJones@beneschlaw.com>; Taylor Oravitz <tlo@farnethlaw.com>
**Subject:** Re: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium

George,

I am not going to address all of the below but you and I have never had a conversation about topics for a 30(b)(6) deposition for my client. It is routine for anyone taking a corporate representative deposition. If you do not provide topics, we cannot ensure that we have someone available to testify on those topics.

As for the settlement agreement, there is a protective order in place. It is specious for you to claim that the settlement is unrelated to the remaining case. If we have to file with the court, we will.

Thanks,

Eric

Get Outlook for iOS



Eric Baisden
General Counsel
Chair, Labor & Employment
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.4676 / 614.223.9388 | m: 330.571.1943
EBaisden@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

---

**From:** George R. Farneth <grf@farnethlaw.com>
**Sent:** Monday, November 3, 2025 3:02 PM
**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Ann-Martha Andrews <aandrews@maynardnexsen.com>
**Cc:** Savanah Caruso <smc@farnethlaw.com>; Baisden, Eric <EBaisden@beneschlaw.com>; Joelle, Heidi <HJoelle@beneschlaw.com>; Jones, Laura <LCJones@beneschlaw.com>; Taylor Oravitz <tlo@farnethlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium

Eric, with all due respect, some of your response is total B.S.

I have been asking for Mr. Goodemote's deposition for approximately six months now, yet you are claiming you "are in the process of confirming whether we can produce Mr. Goodemote" for his deposition. It does not take six months to make that determination. All you have to do is pick up the phone, call the man, and ask the question. If he says yes, then you can take the extra-ordinary additional step of asking him for his available dates. If you wanted to, you could accomplish that this today.

As for the 30(b)(6) deposition, on multiple prior occasions I gave you a specific description of the subjects on which I wanted to depose your client's designated representative. To my recollection, this is

the first time you have requested a Notice in order to get that deposition(s) scheduled. We have served such a Notice today, so you can now put that excuse to bed.

At your request, the discovery deadline was extended to 12/30/25. Since the extension was granted, I am not aware of you guys conducting any discovery. Consequently, I will not agree to and, in fact, will vigorously oppose any additional extensions of the discovery deadline. Therefore, and because my schedule between now and 12/30/25 is filling up quickly, I need to get my depositions scheduled today or I will proceed as outlined in my prior email.

As for the Release, it includes confidentiality language and because it is in no way relevant to the merits of this case, we will not be voluntarily producing it. If you believe my position is wrong, please provide a detailed explanation of your position so that I may consider it. I copied Ms. Andrews on this email so she is aware of the request for the Release and can respond as she deems appropriate.

As for your discovery requests directed to UNUM, are these the same discovery requests that you guys were going to serve two months ago? Last Friday, Judge Schwab terminated UNUM's involvement in the case, so I am not sure how you intend to compel UNUM to respond to your discovery requests, but that is your issue.

I can be available a good part of the rest of today if you want to have a call to further "meet and confer" on these subjects; however, I do not believe such a call is necessary as my position is crystal clear and I have no intention of changing it. Thanks.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties. In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court. Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed. If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited. If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you. Thank you.*

**From:** Flagg, Eric <EFlagg@beneschlaw.com>
**Sent:** Monday, November 3, 2025 8:30 AM
**To:** George R. Farneth <grf@farnethlaw.com>
**Cc:** Savanah Caruso <smc@farnethlaw.com>; Baisden, Eric <EBaisden@beneschlaw.com>; Joelle, Heidi <HJoelle@beneschlaw.com>; Jones, Laura <LCJones@beneschlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium

George,

The last you and Mr. Baisden talked prior to filing the motion for extension of discovery, the indication was we were going to try to coordinate dates of your depositions with the ones we were planning to take. Additionally, we will want to see the settlement agreement and all terms of settlement. Please send that over as soon as you can..

With respect to your depositions, as we previously advised, Ms. Bender is deceased.

We were expecting a 30(b)(6) notice memorializing the topics for the 30(b) deposition (as required by the rules), and would ask that you send us the topics so that we can identify the appropriate corporate designee.

As we also discussed previously, Mr. Goodemote is no longer employed by Trivium. We are in the process of confirming whether we can produce Mr. Goodemote for a deposition, or if you will need to subpoena him. We will let you know.

We will be serving our discovery on Unum this week. Once we have the responses from them, we will proceed with the Unum depositions (by subpoena) and we are also going to want to take your client's deposition as well.

Happy to discuss today or tomorrow. Let me know your availability.

Thanks,
Eric



Eric M. Flagg
Labor & Employment Managing Associate
OSBA Certified Specialist in Labor and Employment Law
Benesch Friedlander Coplan & Aronoff LLP

t: 216.363.6196 | m: 978.905.0561
EFlagg@beneschlaw.com | www.beneschlaw.com
127 Public Square, Suite 4900, Cleveland, OH 44114

Confidentiality Notice to Incorrect Addressee: www.beneschlaw.com/confidentialitynotice

**From:** George R. Farneth <grf@farnethlaw.com>
**Sent:** Saturday, November 1, 2025 9:36 AM
**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Baisden, Eric <EBaisden@beneschlaw.com>; Joelle, Heidi

<HJoelle@beneschlaw.com>
**Cc:** Ann-Martha Andrews <AAndrews@maynardnexsen.com>; Byrne Decker <BDecker@maynardnexsen.com>; Laurie Bernard <LBernard@maynardnexsen.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-MNDOCUMENTS.FID606499]

Gentlemen, for months now I have asked for dates for the depositions of Mr. Goodemote, Jean Bender, and a 30(B)(6) designee to discuss the benefits that were available to employees, the benefits my clients elected, how they paid for those benefits, who was responsible for administering those benefits, and the transition from UNUM to Mutual of Omaha. You have yet to provide a single date for any of those depositions. If I do not receive them by Monday, I will unilaterally schedule the depositions and will file a Motion to Compel them. Hopefully, that will not be necessary. Also, please be advised that all prior settlement demands submitted on behalf of Plaintiff are hereby revoked. Plaintiff's new demand to settle with Trivium is $250,000. Thanks.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties. In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court. Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed. If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited. If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you. Thank you.*

**From:** George R. Farneth
**Sent:** Thursday, October 9, 2025 4:08 PM
**To:** 'Flagg, Eric' <EFlagg@beneschlaw.com>; 'Eric Baisden' <ebaisden@beneschlaw.com>; 'hjoelle@beneschlaw.com'

<hjoelle@beneschlaw.com>
**Cc:** 'Ann-Martha Andrews' <AAndrews@maynardnexsen.com>; 'Byrne Decker' <BDecker@maynardnexsen.com>; 'Laurie Bernard' <LBernard@maynardnexsen.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-MNDOCUMENTS.FID606499]

Counsel, unless we are going to agree to extend discovery, please immediately provided dates in October when I can take the below referenced depositions that I requested over 2 months ago.  If we are extending discovery, I can be more flexible.  Eric, if you cannot produce Mr. Goodemote for his deposition then please confirm that I may contact him directly.  Thanks.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties.  In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court.   Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed.   If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited.  If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you.  Thank you.*

**From:** George R. Farneth
**Sent:** Friday, July 25, 2025 3:53 PM
**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Eric Baisden <ebaisden@beneschlaw.com>; hjoelle@beneschlaw.com
**Cc:** Ann-Martha Andrews <AAndrews@maynardnexsen.com>; Byrne Decker <BDecker@maynardnexsen.com>; Laurie Bernard <LBernard@maynardnexsen.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** RE: DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-MNDOCUMENTS.FID606499]

Counsel, I spoke with Ms. Andrews this afternoon to discuss an issue that came up yesterday. Because we did not know about the $60,000 life insurance policy it was not mentioned in the Amended Complaint. Since we are still well within the statute of limitations I suggested that we amend the Complaint by Stipulation to include Plaintiff's claim to that policy so the Defendants do not incur the cost of filing another pleading. I believe Ms. Andrews is agreeable. Please let us know if you are too.

Also, our discovery deadline is October 31, 2025 and my schedule between now and then is filling up quickly so I would like to schedule the depositions I would like to take which include Mr. Goodemote, Jean Bender, and a 30(B)(6) designee to discuss the benefits that were available to employees, the benefits my clients elected, how they paid for those benefits, who was responsible for administering those benefits, and the transition from UNUM to Mutual of Omaha. Please provide dates between October 9 and 24 on which I may take those depositions. I understand that Mr. Goodemote is no longer with Trivium so please let me know if you can produce him. If not, please provide his last known address so we can serve him with a subpoena. Also, if you provide bate-stamped copies of your client's documents, I believe all three depositions can be done remotely. Please advise. Thanks.

**George R. Farneth II, Esquire**
Founder & Partner
The Farneth Law Group, LLC



445 Fort Pitt Blvd., Suite 160, Pittsburgh, PA 15219
845 Charles St., Wellsburg, WV 26070
Direct Dial  412.977.7779
Facsimile 412.586.4713
Email   grf@farnethlaw.com



*We are required by Treasury Regulations to advise that this writing is not intended as a reliance opinion and cannot be used for purposes of avoiding IRS penalties. In addition, the information contained in this email transmission is confidential, privileged and may be exempt from disclosure under federal or state law or by order of court. Accordingly, this email transmission and all of its contents and attachments are intended only for the individual(s) to whom it is addressed. If the person receiving this email transmission is not the intended recipient or an employee or representative of the intended recipient who is responsible for delivering the message to the intended recipient, you are notified that any use or dissemination of the information contained in this email transmission is strictly prohibited. If you have received this email transmission in error, please so advise by email reply to this email address and delete the email transmission and any attachments that were sent to you. Thank you.*

**From:** Rosie Ramsey <RRamsey@maynardnexsen.com>
**Sent:** Friday, July 25, 2025 2:38 PM

**To:** Flagg, Eric <EFlagg@beneschlaw.com>; Eric Baisden <ebaisden@beneschlaw.com>; hjoelle@beneschlaw.com
**Cc:** Ann-Martha Andrews <AAndrews@maynardnexsen.com>; Byrne Decker <BDecker@maynardnexsen.com>; Laurie
Bernard <LBernard@maynardnexsen.com>; George R. Farneth <grf@farnethlaw.com>; Dawn M Resinger
<dmr@farnethlaw.com>; Savanah Caruso <smc@farnethlaw.com>
**Subject:** DiGregorio v. Trivium et al. - Service of Unum's First Set of Discovery to Trivium [IMAN-
MNDOCUMENTS.FID606499]

Counsel,

Please see attached Defendant Unum Life Insurance Company of America's First Set of Discovery to
Trivium.

Regards,
Rosie Ramsey
Assistant to Ann-Martha Andrews

**Rosie Ramsey**
Legal Practice Assistant
P: 480.530.2971
RRamsey@maynardnexsen.com

2025 N 3rd Street, Suite B300
Phoenix, AZ 85004



Confidentiality Notice - The information contained in this e-mail and any attachments to it is intended
only for the named recipient and may be legally privileged and include confidential information. If you are
not the intended recipient, be aware that any disclosure, distribution or copying of this e-mail or its
attachments is prohibited. If you have received this e-mail in error, please notify the sender immediately
of that fact by return e-mail and permanently delete the e-mail and any attachments to it. Thank you.